DECISION AND JOURNAL ENTRY
Appellants-plaintiffs Delton and Deanna Slauterbeck, individually and as parents of Nicholas Slauterbeck, a minor, appeal the judgment of the Wayne County Court of Common Pleas that granted summary judgment in favor of appellees Lauren, Charles, and Lori Gelvin. We affirm.
On July 20, 1998, several neighborhood children were playing T-ball in the front yard of Shannon and Judy Delaney's home. Some of the children were using a wooden bat to hit the ball off the tee, while others used a plastic bat. Lauren Gelvin was up at bat. Nicholas Slauterbeck was standing beside or behind her, waiting his turn to bat. Prior to swinging the wooden bat, Lauren turned to Nicholas and asked him to back up. Nicholas took a step back. Lauren asked Nicholas to move back further. Nicholas took a second step back. Lauren swung the bat, hit the ball from the tee, and, on the back end of her swing, hit Nicholas in the head.
Nicholas' parents, Delton and Deanna Slauterbeck, filed suit against Lauren and her parents, Charles and Lori Gelvin, and Shannon and Judy Delaney. The Slauterbecks' alleged that Nicholas' injuries were the result of Lauren's negligent or reckless conduct and the Delaneys' negligent supervision. The Delaneys and the Gelvins both filed motions for summary judgment. Finding that reasonable minds could only conclude that there was no evidence of negligent supervision and that Lauren's conduct was not reckless or intentional, the trial court granted both summary judgment motions.
The Slauterbecks have appealed the trial court's order granting summary judgment in favor of the Gelvins. They have raised two assignments of error[1]:
FIRST ASSIGNMENT OF ERROR
 The trial court erred to the prejudice of appellant by granting summary judgment in favor of appellee lauren gelvin based upon an improper standard of care.
 SECOND ASSIGNMENT OF ERROR
 The trial court erred to the prejudice of appellant by granting summary judgment in favor of appellee Lauren Gelvin when genuine issues of material fact existed with regard to appellant's [sic] claims.
The Slauterbecks argue that the trial court erred in granting summary judgment because, they claim, the court applied the wrong standard of care, and, even applying the improper standard, there is a genuine issue as to whether Lauren's conduct was reckless. We disagree.
In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. Perkins v.Lavin (1994), 98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
The Ohio Supreme Court has held that individuals who engage in sports or recreational activities, assume "the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either `reckless' or `intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d." Marchetti v.Kalish (1990), 53 Ohio St.3d 95, syllabus. An actor's conduct is "intentional" when the "`actor desires to cause consequences of his act, or [when] he believes that the consequences are substantially certain to result from it.'" Id. at 96, fn. 2 quoting Restatement of Torts 2d, Section 8A. An actor's conduct is defined as reckless:
 if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.
Id. at 96, fn. 2, quoting Restatement of Torts 2d, Section 500. Intentional or reckless misconduct between participants in a sporting or recreational activity "must be understood in the context of the rules of the sport." Thompson v. McNeill (1990), 53 Ohio St.3d 102, 104, citingMarchetti, supra.
The Slauterbecks contend that the trial court erroneously held that they were required to demonstrate that Lauren acted recklessly or intentionally. Pointing to Lauren's deposition testimony that Nicholas used the plastic bat and not the wooden bat, the Slauterbecks assert that Nicholas was not "a participant in the activity involving the wooden bat," and therefore, he only assumed the ordinary risks involved in a game of "whiffle ball."
We find this contention meritless. Nicholas' deposition testimony establishes that he went to the Delaneys' house to "play baseball" with the neighborhood children. Furthermore, although Nicholas never used the wooden bat, he agreed to play the T-ball game with children who were. Because Nicholas voluntarily participated in the T-ball game, the Slauterbecks were required to demonstrate that Lauren recklessly or intentionally hit Nicholas. Accordingly, the trial court applied the proper standard of care as set forth by the Ohio Supreme Court inThompson and Marchetti, supra.
The Slauterbecks aver that, even applying the wrong standard of care, the trial court erred in granting summary judgment because there is a genuine issue as to whether Lauren's conduct was reckless. In support of this claim, the Slauterbecks rely on Lauren's deposition testimony that she knew that it was necessary to exercise care to avoid striking other persons when using a wooden bat. The Slauterbecks assert that Lauren knew that Nicholas was standing too close to her because she had asked Nicholas to move two times before she swung the bat. We disagree.
All the evidence demonstrates that Lauren's act was an accident; the deposition testimony establishes that Lauren did not intend to hit Nicholas, and that she did not know that swinging the bat would create an unreasonable risk of hitting Nicholas, and recklessly disregard that knowledge. It is undisputed that Lauren told Nicholas to move back two times before she swung the bat. Nicholas and Lauren both testified that they thought Nicholas had moved out of the way before Lauren swung. SeeTopola v. Wisniewski (1990), 55 Ohio St.3d 30 (The Eighth District had found that an issue of material fact existed as to whether a defendant's conduct was intentional where, in a game of softball, "the defendant, rather than slowing down, accelerated his pace. , (Apr. 5, 1990), Cuyahoga App. No. 56735, unreported. A couple of feet from the plaintiff, the defendant leaped into the air feet first, and with a karate-kick like motion, drove his feet into the plaintiff's leg, striking and breaking it between his ankle and knee." Id. The Ohio Supreme Court summarily reversed the Eighth District's finding that summary judgment was inappropriate citing Marchetti and Thompson,supra.)
Accordingly, we find that the record is devoid of any evidence by which reasonable minds could have concluded that Lauren intentionally or recklessly injured Nicholas. For this reason, we find there are no genuine issues of material fact and the lower court did not err in concluding that the Gelvins were entitled to judgment as a matter of law. The Slauterbecks' first and second assignments of error are overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 _____________________ DONNA J. CARR
FOR THE COURT, SLABY, P. J., WHITMORE, J., CONCUR.
[1] The Slauterbecks asserted a third assignment of error against the Delaneys. However, because the Slauterbecks have only appealed the trial court's grant of summary judgment against the Gelvins, this Court struck the third assignment of error by journal entry on April 13, 2000.